Filed May 15, 1884.

---

No. 11,242.

ARMINGTON *v.* THE STATE, EX REL. EDWARDS ET AL., EXECUTORS.

INFORMATION.—*Ousting Officer of Private Corporation.*—*Fraud.*—Where an information, seeking the ouster of an officer of a private corporation, alleges facts showing the election of such officer at an illegal meeting of the directors of the corporation, and showing fraud practiced by the officer in deceiving the relators, directors, as to the time of such meeting, it is not necessary to allege that, had the relators been present, they would have voted against such officer.

From the Decatur Circuit Court.

*W. A. Moore, J. D. Miller, F. E. Gavin, C. Ewing* and *J. K. Ewing,* for appellant.

*M. D. Tackett, B. F. Bennett* and *D. Wilson,* for appellees.

ELLIOTT, J.—It is alleged in the information filed by the relators that the Greensburgh Lime Stone Company is a corporation, organized under the laws of this State; that the capital stock is $69,000, divided into shares of $50 each, and that the relators own 777 shares; that the by-laws provide for the holding of elections on the third Wednesday in January of each year; that the last annual meeting of the stockholders was held on the 17th day of January, 1883, at which the relators, Patton, Edwards and Wilson, were elected directors, and the appellant and one Bright B. Harris were also chosen directors. It is also alleged that the by-laws of the corporation provide that the officers shall be a president, secretary and treasurer, to be elected by the board of directors; that a special meeting of the board was called, without notice to Wilson, for the 17th day of February, 1883, and the directors who had been notified agreed to hold the meeting on the afternoon of that day; that the appellant, for the fraudulent purpose of cheating the directors out of their right to vote for officers, agreed with director Harris to hold the meeting in the forenoon, and that the director Bright B. Harris, the appellant, and one Michael Hannon, who, without right, claimed to be a director, assumed to hold a meeting of the board and to elect the appellant secretary and treasurer, and that under color of this pretended election he claims the offices, and has been performing the duties thereof. The prayer of the information is that the appellant be enjoined from exercising the functions of the offices of secretary and treasurer of the corporation, and that he be ousted from them.

A single objection is urged against the information, and that is, that it does not state that if the absent directors had been present they would have cast their votes against the appellant. In our opinion the appellant's argument rests on an undue assumption, and is, consequently, utterly unsound. It assumes, what is not true, that there was a valid election. There was, in truth, no meeting of the directors and no election, for

but two of the five directors were present, and there was, therefore, no quorum capable of transacting business. The information not only shows that there was no quorum, but it also shows that the appellant, by a fraudulent scheme, succeeded in going through the form of an election after he had deceived the directors as to the time of the meeting, and had thus designedly prevented their presence. It would be a reproach to the law if it permitted a man to hold a corporate office thus corruptly and illegally obtained.

